# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE M. IVY, on behalf of herself and other similarly situated employees, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.:  1:13-cv-01095-JDB-egb |
| AMERIGAS PROPANE, L.P., and TONY HARDEE, individually, | ) ) ) | Judge J. Daniel Breen Magistrate Judge Edward G. Bryant |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

On referral for determination and/or report and recommendation [D.E. 20] is the Motion

to Certify Class [D.E. 19] filed by Plaintiff. Defendant opposes the Motion .

Relevant Background

Plaintiff is a former employee of Defendant Amerigas Propane (May 2010 through

October 1, 2012) and brings this FLSA claim against Amerigas and her former district manager

Tony Hardee.  Her suit is brought both individually and as part of a collective action under the

FLSA.[1] In her Complaint Plaintiff states that she was having a romantic relationship with

Defendant Hardee, and they shared a house.

Plaintiff alleges she had not been paid for work performed from May through September

of 2010 while working with the title "office manager."  Beginning in September 2010 she was

paid $12.00 per hour. While she worked over forty hours per week, she alleges she was paid for

thirty-two hours. She did receive occasional "comp time" that had "no direct correlation."

---

[1] Plaintiff also brings suit under Tennessee common law.

Plaintiff asserts further that she worked closely with other employees who had the title

Customer Service Representative (CSR) who were marketers and handled complaints from

customers. She dubs herself a "senior CSR" stating that there was overlap in her job and that of a

CSR. Furthermore, Plaintiff claims that she and the CSRs, at the instruction of Amerigas,

inaccurately reported less work hours on their timesheets so as to avoid overtime pay, which

Plaintiff states she recorded into the company payroll system. As such, Plaintiff asserts she and

the CSR employees are similarly situated, non-exempt employees who were not properly

compensated in violation of the FLSA.

Analysis

*Section 216(b) of the FLSA* provides:

> An Action [under *§ 206*] may be maintained against any employer
> (including a public agency) in any Federal or State court of
> competent jurisdiction by any one or more employees for and on
> behalf of himself or themselves and other employees similarly
> situated. No employee shall be a party plaintiff to any such action
> unless he gives his consent in writing to become such a party and
> such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b)*. Collective actions under the FLSA require putative class members to opt into

the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009). Also in

contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity,

commonality, typicality, and representativeness requirements of a traditional *Rule 23* class

action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

However, the plaintiffs in a FLSA collective action must demonstrate that they are

"similarly situated." *29 U.S.C. § 216(b)*; *O'Brien,* 575 F.3d at 583.  Under the FLSA, putative

class members "whose causes of action under the FLSA accrued at about the time and place and

in the approximate manner of the named plaintiff would be similarly situated and can opt into the

action." *Miklos v. Golman-Hayden Companies, Inc.,* No. 2:99-CV-1279, 2000 WL 1617969, at

*1 (S.D. Ohio, Oct. 24, 2000). In *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the

"Supreme Court ... made it clear that the collective action provisions of the FLSA, 29 U.S.C.

Section 216(b), authorize a trial court to issue court-supervised notice to potential class

members." *Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 251 (M.D. Tenn. 1996). "That power is to

be exercised, however, only in 'appropriate cases,' and remains within the discretion of the

district court." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D. Minn. 1991).

However, the Supreme Court "gives little guidance on how the district court should proceed in

determining whether a case is appropriate for court-authorized notice." *Id.* Furthermore, "the

lower courts have not agreed as to the factual showing that must be made by a plaintiff to show

who is 'similarly situated' at the notice stage." *Belcher,* 927 F.Supp. at 251. The United States

Court of Appeals for the Sixth Circuit has not addressed this issue.

"Some courts hold that a plaintiff can demonstrate that potential class members are

'similarly situated,' for purposes of receiving notice, based solely upon allegations in a

complaint of class-wide illegal practices." *Belcher,* 927 F.Supp. at 251. *See, e.g., Allen v.

Marshall Field & Co.,* 93 F.R.D. 438 (N.E. Ill. 1982). "Other courts hold that a plaintiff meets

this burden by demonstrating some factual support for the allegations before issuance of notice."

*Belcher,* 927 F.Supp. at 251. *See, e.g., Jackson v. New York Telephone Co.,* 163 F.R.D. 429, 431

(S.D. N.Y. 1995).

When an FLSA action is based on a defendant's unified and allegedly illegal policy,

courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs

have received notice, based on representations contained in the pleadings and affidavits of named

plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations to all

putative class members. *See O'Brien,* 575 F.3d at 585-86 (requiring, at a minimum, an allegation

that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head*

*Provisions Co., Inc.,* 671 F. Supp. 2d 957, 959, 961 (W.D. Mich. 2009) (Bell, J.) (noting that

there must be allegations that potential plaintiffs were victims of a common plan, but that, at the

conditional certification stage, these allegations can be contained in the pleadings and affidavits

of named parties).  At the notice stage, the plaintiff must show that "his position is similar, not

identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47

(quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591 ,595 (S.D. Ohio 2002)). Because

this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that

it "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547

(quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). As

Judge Mays explained:

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs.,* 236 F.R.D. 363, 367 (E.D. Tenn. 2006*); Swallows v. City of Brentwood, Tenn.,* 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at *2 (M.D. Tenn. Aug. 20, 2007). "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison Township Bd. of Township Trustees,* 2007 U.S. Dist. LEXIS 76450, at *6 (S.D. Ohio Oct. 5, 2007). At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer,* 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, *12-13, (W.D. Tenn. Sept. 16, 2008).

While the standard is lenient, Defendant in this case correctly points out that Plaintiff cannot fail to present any evidence establishing other employees are similarly situated. Plaintiff has provided no affidavits from other employees testifying to being similarly situated, but explains she no longer has access to them.

However, Plaintiff does assert in her Complaint that while she had a different job title, she performed many of the same duties CSRs did and their jobs overlapped, even to the extent that she refers to herself as the "senior CSR." Plaintiff also says she was asked regularly to work more than forty hours a week and required to record only thirty-two hours. Through her responsibility of inputting CSRs' (and all other employees') timesheets into the payroll system, she was <u>uniquely informed</u> as to the requirement that CSRs were allowed to record no more than forty hours a week regardless of the overtime hours worked. For a FLSA case, the "similarly situated" standard is met where the class members share similar job requirements and pay provisions. *Dybach v. Florida Dep't of Corr.,* 942 F.2d 1562, 67-68*; Belcher v. Shoney's Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996)*.* Plaintiff's claims and job positions need not be identical to the potential opt-ins, they need only be similar. *Dybach,* 942 F.2d at 1567-68.

The Magistrate Judge recommends that the Court find that Plaintiff has met her burden on showing that her position is similar to the positions held by the putative class members, and, thus that conditional certification be granted. The Magistrate Judge further recommends that, in the event this Report and Recommendation is adopted and the conditional certification is approved, counsel be granted 10 days to negotiate the language of the notice.

Respectfully Submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   **April 23, 2014**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.