IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STEPHANIE M. IVY, on behalf of herself
and other similarly-situated employees,

    Plaintiff,

v.                                      No. 13-1095

AMERIGAS PROPANE, L.P. and
TONY HARDEE, Individually,

    Defendants.

---

ORDER OVERRULING IN PART DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

---

This cause is before the Court in connection with the report and recommendation of the magistrate judge (D.E. 28) regarding the motion of the Plaintiff, Stephanie M. Ivy, to conditionally certify a class of putative plaintiffs (D.E. 19). The magistrate judge recommended that the motion be granted. The Defendants, AmeriGas Propane, L.P. and Tony Hardee,[1] (collectively, "AmeriGas"), have filed timely objections to the report and recommendation (D.E. 29), to which the Plaintiff has responded (D.E. 30).

The Defendants object to the following:

(1)     the magistrate judge's recommendation that conditional certification should be granted as the Plaintiff failed to present any evidence establishing that other employees were similarly situated to her;

(2)     the magistrate judge failed to consider Defendants' alternative argument that the Court should allow limited discovery prior to determining Plaintiff's motion to ensure there is a sufficient factual basis of class-wide FLSA

---

[1]According to the complaint, Hardee is an employee of AmeriGas.

>    violations; and
>
> (3) the magistrate judge failed to consider Defendants' request to shorten the time for "opt-in" to the class in the proposed notice to forty-five days, if the Court finds conditional certification appropriate.

In ruling on objections to a report and recommendation, the Court is to make a *de novo* determination as to those portions of the magistrate judge's report and recommendation to which objections have been made. 28 U.S.C. § 636(b)(1). Under this type of review, the district judge may accept, reject, or modify the recommended disposition in whole or in part. *Id.* The district judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), allows similarly situated employees to "recover compensation from their employer in 'opt-in' class action litigation." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing 29 U.S.C. § 216(b)), *cert. denied*, 134 S. Ct. 296 (2013). The district court is to determine whether plaintiffs are similarly situated utilizing a two-step process, the first time at the beginning of discovery and a second after all class plaintiffs have decided whether to opt-in and discovery is complete. *Id.* At the first stage in the process, courts "use a fairly lenient standard that typically results in conditional certification of a representative class." *Id.* (internal quotation marks omitted). As District Judge Samuel H. Mays, Jr. of this district noted in *Frye v. Baptist Memorial Hospital, Inc.*, No. 07-2708, 2008 WL 6653632 (W.D. Tenn. Sept. 16, 2008),

> [t]wo explanations have been offered for the leniency of this burden. First, the certification decision is reversible. It is not uncommon for a court, which typically has minimal evidence at the notice state, to conditionally certify a class of plaintiffs for the duration of discovery. After the completion of discovery, and upon the filing of a motion for decertification, the court can make a more informed decision about whether class members are "similarly situated." Second, sending notice to potential

class members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management.

*Frye*, 2008 WL 6653632, at *4 n.4 (internal citations omitted).

Conditional class certification permits the "sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (internal citations omitted). At this stage, the court is not to "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010).

A stricter standard is applied at the second stage, during which the district court "more closely examine[s] the question of whether particular members of the class are, in fact, similarly situated." *White*, 699 F.3d at 877 (internal quotation marks omitted). The stricter standard is warranted at the second stage because it occurs near the end of discovery. *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). At that stage, "[p]laintiffs generally must produce more than just allegations and affidavits demonstrating similarity in order to achieve final certification." *Id.* The lead plaintiff bears the burden of establishing that the opt-in plaintiffs are similarly situated. *White*, 699 F.3d at 877.

Here, Ivy alleged the following in her complaint:

Defendants . . . employed . . . several people holding the job title of Customer Service Representative ("CSR"). These individuals were responsible for marketing Defendant Amerigas's services to potential customers, addressing customer complaints, scheduling deliveries, and documenting customer transactions.

Ms. Ivy worked very closely with Defendants' CSRs in each facility in which she was assigned. Although she did not supervise them, her job as "office manager" was essentially that of a senior CSR. She had job duties beyond those of a CSR, but there was overlap in the two jobs.

3

> One such job responsibility Ms. Ivy had was to input the CSRs' and all other employees' timesheets into the payroll system.
>
> Through this task and through conversations with various CSRs, she has personal knowledge that CSRs regularly worked over forty hours per week without receiving overtime pay. Like Ms. Ivy, CSRs were not allowed to record more than forty hours on their weekly timesheets regardless of the number of hours actually worked.
>
> Ms. Ivy and the CSRs in Defendant Hardee's districts were all supervised by Defendant Hardee, all performed basic clerical, customer service, and data entry tasks, and were all subject to Defendants' policy of not allowing them to record on their timesheets the actual number of hours worked.

(D.E. 1 ¶¶ 14-18.) In addition, Ivy offered her own declaration in support of her motion for class certification. (D.E. 19-2.) Defendants submit that the allegations contained in Ivy's complaint accompanied by her own "self-serving" declaration, absent affidavits or declarations from other potential plaintiffs, are insufficient to show that she and the proposed class she seeks to represent are similarly situated.

The FLSA does not define "similarly situated" and the Sixth Circuit has failed to "create comprehensive criteria for informing the similarly-situated analysis." *See O'Brien v. Ed. Donnelly Enter., Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009); *Ross v. Jack Rabbit Servs, LLC*, Civ. Action No. 3:14-CV-00044-TBR, 2014 WL 2219236, at *2 (W.D. Ky. May 29, 2014). A "modest factual showing" is all that is required at the first stage. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

In support of its position, AmeriGas cites to *Lacy v. Reddy Electric Co.*, No. 3:11-cv-52, 2011 WL 6149842 (S.D. Ohio Dec. 9, 2011), in which the district court stated that

> [i]f the [c]ourt were looking at only the [a]mended [c]omplaint and [p]laintiffs' declarations, the [c]ourt would very likely overrule [p]laintiffs' [m]otion for [c]onditional [c]ertification. Those documents contain nothing more than conclusory allegations that other Reddy employees are similarly situated. Specific allegations concerning those other employees are sorely lacking.

*Lacy*, 2011 WL 6149842, at *4. The Defendants point to *Lacy* for the proposition that a motion for conditional certification cannot be supported solely by the plaintiff's declaration. A reading of the case reveals, however, that the court found only that the *contents* of the complaint and declaration were insufficient. *See id.*

In the second case cited by AmeriGas, *Arnold v. Reliant Bank*, No. 3:11-cv-1083, U.S. Dist. LEXIS 108223 (M.D. Tenn. Aug. 2, 2012), the plaintiff proffered her own declaration in support of her motion for conditional certification. *Arnold*, U.S. Dist. LEXIS 108223, at *4. The district court denied the motion on the grounds that the declaration lacked sufficient detail. *Id.*

Here, in contrast to the cited cases, the Defendants do not take issue in their objections with the *content* of Ivy's complaint and declaration, but only aver that these two documents alone cannot provide the level of evidence required to meet the first stage's modest factual showing. Neither *Lacy* nor *Arnold* support this assertion.

In fact, courts in this Circuit have considered the plaintiff's complaint and declaration sufficient, albeit barely, to satisfy the required showing at the first stage of certification where the content thereof was not at issue. *See Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:-13-cv-01081, 2014 WL 1513945, at *1-2 (N.D. Ohio Apr. 16, 2014) (court found plaintiff's affidavit sufficient to satisfy requirements for first stage of certification process, noting that defendant had failed to identify case mandating the inclusion of other plaintiffs or documentary evidence); *Smith v. Waverly Health Care & Rehab. Ctr., Inc.*, No. 3:12-cv-944, 2013 WL 817266, at *1-2 (M.D. Tenn. Mar. 5, 2013) (plaintiff's own declaration, while "only a bare minimum of evidence," was sufficient to constitute a modest factual showing warranting conditional certification.). Indeed, some courts have found that the required showing may be made based solely on the allegations in the complaint. *See*

5

*Prichard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595-96 (S.D. Ohio 2002) (citing cases).  In light of the foregoing, it is the opinion of the Court that the Defendants' assertion that a motion for conditional certification cannot be supported only by a plaintiff's complaint and declaration is without merit.[2]  *See Rogers v. HCA Health Servs. of Tenn., Inc.*, No. 3:09-cv-1173, 2013 WL 3224026, at *2-4 (M.D. Tenn. June 25, 201) (factual showing necessary for conditional certification sufficient even though plaintiff supported his FLSA complaint with only his own declaration).

The Defendants also submit that Ivy cannot demonstrate that conditional certification should be granted based on her failure to provide the names of potential class members.  In her declaration, Ivy identified those with whom she claimed to be similarly situated as CSRs employed by AmeriGas in Mayfield and Paducah, Kentucky and Huntington and Parsons, Tennessee.  Plaintiff averred that her job duties were essentially those of a senior CSR.  She claimed that, based on her observations of and conversations with CSRs, she became aware that many worked in excess of forty hours per week.  In addition, through her responsibility to input employee time into the payroll system, Ivy stated that she was aware the CSRs often, if not always, recorded exactly forty hours of work on their timesheets regardless of the actual hours worked, without being paid for overtime.

AmeriGas has proffered no case law suggesting that failure to identify putative plaintiffs by

---

[2]Indeed, the genesis of this argument by Defendants appears to be their assumption that the magistrate judge did not in fact mean what he said.  AmeriGas contends in its objections that "the Magistrate Judge found that '[w]hile the standard is lenient, **Defendant in this case correctly points out that Plaintiff cannot fail** [sic] **to present any evidence establishing other employees are similarly situated.'"**  (D.E. 29 at 5.)  As the Court understands the objection, it is the position of the Defendants that Judge Bryant misspoke and meant to say that Ivy had not presented any evidence in support of her motion.  He did not.  While the magistrate judge's thought may not have been perfectly articulated, he was merely acknowledging Defendants' argument, supported by applicable law, that the Plaintiff must present some evidence showing that she and other employees were similarly situated.  He went on to find that she did.

6

name is, as a matter of law, fatal to a request for conditional certification. Nor does such a position comport with the notion that the "modest factual showing" required at the first stage "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *See Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *4 (E.D. Mich. Mar. 23, 2014). Here, Ivy has specifically identified the group of persons she believes to be similarly situated. While the lack of names of any putative plaintiffs makes for a weaker case in favor of conditional certification, the Court is unconvinced that the absence of identification, at least under the circumstances of this case, prohibits such certification. *See Rogers*, 2013 WL 3224026, at *2-3 (where plaintiff stated in his declaration that he and unnamed co-workers were required to work during meal breaks, court determined that "Rogers has made some factual showing that fellow non-exempt employees exist and were subject to the same workplace policies and practices that he alleges violated the law. At this conditional certification stage, that is enough to render them similarly situated.").

In short, the Court agrees with the Defendants to the extent that Ivy's factual showing has been modest indeed. That said, it has cleared the low bar for issuance of conditional certification. Accordingly, the Defendants' objections to the report and recommendation of the magistrate judge on this issue are OVERRULED and the report and recommendation is ADOPTED.

As noted above, AmeriGas also submits that Judge Bryant failed to consider its alternative argument that the Court should allow limited discovery prior to ruling on the Plaintiff's motion. For the reasons articulated herein, the Court finds that the relief sought is unwarranted. This objection, therefore, is OVERRULED.

Finally, the Court addresses the Defendants' assertion that the magistrate judge erred in

7

failing to consider their request to shorten the opt-in time for potential plaintiffs to forty-five days as opposed to the seventy-five days proposed by Ivy. It does not appear to the Court, however, that Judge Bryant failed to address the issue, but, rather, recommended that the parties negotiate the language of the notice, which would have included the applicable opt-in period. Finding the recommendation appropriate, it is ADOPTED by the Court. The parties have ten days from the entry of this order in which to negotiate the language of the notice. As the magistrate judge made no report or recommendation as to the appropriate duration of the opt-in period, there is nothing for this Court to review. If, after the ten-day negotiation period has expired, the parties cannot agree on the issue, the parties are DIRECTED to so advise the magistrate judge. At that point, this Court will issue an order referring the question to the magistrate judge for a supplemental report and recommendation. Accordingly, the Defendants' final objection is OVERRULED in part.

IT IS SO ORDERED this 21st day of July 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE